Honorable Marcus D. Taylor Criminal District Attorney Wood County P.O. Box 689 Quitman, Texas 75783
Re: Whether the awarding of a contract precludes a county from making spot purchases from another supplier (RQ-2015)
Dear Mr. Taylor:
You ask:
 Does the awarding of a contract to buy supplies on a unit price basis in accordance with Sec. 262.028, Local Government Code, preclude counties from making spot purchases of the same supplies at [the same or][1] a lower unit price from another supplier during the term of the contract?
 Your question arises from a situation where the county executed a contract to purchase all road oil needed by the county from one contractor. The contractor was unable to meet all of the county's needs, and one of the county commissioners made a "spot purchase" of the product at the same price from a different supplier. The cost of the additional purchase was less than the $10,000 competitive bidding threshold found in section 262.023
(a) of the Local Government Code.
Inasmuch as your question states that the unit price contract was made "in accordance with section 262.028, Local Government Code," we assume that the contract was let as the result of competitive bids in accordance with chapter 262 of the code. We also assume that the county has not adopted the Optional County Road System as authorized by section 3.201 of article 6702-1, V.T.C.S.
You have suggested that section 262.023(c) of the Local Government Code prohibits the spot purchase in question as follows:
 In applying the competitive bidding and competitive proposal requirements established by Subsection (a), all separate, sequential, or component purchases of items ordered or purchased, with the intent of avoiding the competitive bidding and competitive proposal requirements of this subchapter, from the same supplier by the same county officer, department, or institution are treated as if they are part of a single purchase and of a single contract. In applying this provision to the purchase of office supplies, separate purchases of supplies by an individual department are not considered to be part of a single purchase and single contract by the county if a specific intent to avoid the competitive bidding requirements of this subchapter is not present. (Our emphasis.)
Local Gov't Code § 262.023(c).
The purpose of this provision is readily apparent. It is designed to prevent counties from avoiding the competitive bidding requirements by purchasing quantities of materials or supplies in lots, which individually cost less than $10,000 but total more than that amount. The public policy behind the competitive bidding requirement is strong enough that criminal penalties have been enacted to effectively stop this particular means of evading the statutory requirement. See Local Gov't Code §§ 262.034(a), 252.062(a).
We do not think that the provision was intended to preclude "spot purchases" in the specific circumstances you describe. Nor do we find any other provision of the chapter that precludes such spot purchases. Of course spot purchases may not be used to avoid the competitive bidding process.
In your second question, you ask:
 Assuming that the answer to the first question is `no,' would such a spot purchase be subject to county bidding requirements, even if it were for an amount less than $10,000?
 As indicated by your question and the preceding discussion, county purchases are not required to be made by competitive bids unless the amount is more than $10,000. Local Gov't Code § 262.023(a). Again, we caution that if the contractor's inability to meet the county's needs is seen as a continuing situation that will result in the expenditure of $10,000 or more, the county would be required to call for bids again. Such separate, sequential purchasing is precisely the activity that the language emphasized above in section 262.023(c) was intended to prevent. See Attorney General Opinion JM-725 (1987). Of course, a county is authorized to request bids for purchases that fall below the $10,000 threshold. Patten v. Concho County, 196 S.W.2d 833
(Tex.Civ.App.-Austin 1946, no writ).
 SUMMARY
The County Purchasing Act, chapter 262 of the Local Government Code, does not preclude a county from making an isolated spot purchase of supplies or materials when the contractor obligated to meet the county's requirements is unable to furnish the supplies or materials. Spot purchases may not be used to avoid the competitive bidding process.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Karen C. Gladney Assistant Attorney General
[1] The original question was amended by adding the bracketed language to reflect the facts.